UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD ALAN BRINK,

        Plaintiff,

v.                             Case No. 3:07-cv-65-J-12MMH

BRADFORD COUNTY JAIL, et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Richard Alan Brink, a federal inmate who was temporarily housed at the Bradford County Jail in Starke, Florida, and who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on January 29, 2007. In the Complaint, Plaintiff names the Bradford County Jail; Brad Carter, the jail administrator; and, Bob Milner, the Sheriff of Bradford County as the Defendants in this action. Plaintiff Brink claims that he is denied the freedom to practice his Muslim religion[1] in that the Bradford County Jail and staff are using government money to promote Christianity within the jail and have failed to accommodate his religious needs. Specifically, he alleges the following: (1) weekly volunteers from a local Christian group are allowed to enter the dormitory to preach and conduct a Christian Bible study; (2) nonparticipating inmates "are left to

---

[1] Plaintiff Richard Alan Brink asserts that he has been a Shiite Muslim for over thirteen years. Complaint at 10.

sit quietly" while exposed to the services; (3) the jail will not allow books to be mailed to inmates and only sells Bibles in the commissary; (4) the volunteers with the Christian group have been allowed to pass out Bibles on several occasions; (5) on or about January 4, 2007, and January 10, 2007, the Christian group turned off the dormitory's television and showed Christian movies; (6) on January 13, 2007, all thirty-five inmates of the dormitory were escorted to a recreational area, where a local Christian preacher conducted a group prayer service; (7) Defendant Carter, as the jail administrator, has ignored his inquiries on how to acquire a Koran; (8) Plaintiff has been denied meals which are religiously required; and, (9) jail officials have interrupted his prayers. Complaint at 8-11. As relief, Plaintiff requests that this Court order Bradford County Jail and its staff to allow inmates of all religions to easily acquire religious reading materials; to conduct religious activities in an area that is not occupied by nonparticipating inmates; and, to restrict religious television shows and movies. Id. at 12-13. Further, he requests this Court to order the Defendants to complete "sensitivity and religious awareness training." Id. at 13. Finally, he requests an unspecified amount of monetary damages. Id.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires the Court to dismiss this case at any time if the

Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349.

In any 42 U.S.C. § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the person engaged in the conduct complained of was acting under color of state law; and, (2) whether the

alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. See Knight v. Jacobson, 300 F.3d 1272, 1276 (11th Cir. 2002); Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995).

Plaintiff names the Bradford County Jail as one of the Defendants. The Bradford County Jail is not a person subject to liability under 42 U.S.C. § 1983. See Slagle v. County of Clarion, 435 F.3d 262, 264 n.3 (3rd Cir.), cert. denied, 126 S.Ct. 2891 (2006). Additionally, with respect to Defendant Brad Carter, Plaintiff claims he has filed a grievance (regarding acquiring a Koran) that Defendant has ignored; however, Plaintiff has not stated the date upon which he sent the grievance. Complaint at 10. Based on the allegations contained within the Complaint, Plaintiff complains of events occurring in this month (January 2007) at the jail. Therefore, any grievance sent to Defendant Carter within this month may still be awaiting an appropriate response.

Further, upon review of the facts as set forth in the Complaint, there is no assertion of physical injury. Apparently, Plaintiff is seeking damages for mental anguish without a prior showing of physical injury. Id. at 13. With respect to 42 U.S.C. § 1997e(e), the Eleventh Circuit has stated:

> Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail,

> prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." This statute is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints. See Harris v. Garner, 216 F.3d 970, 976-79 (11th Cir. 2000) (en banc) (surveying the legislative history of the PLRA). An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff; therefore, such action should be dismissed without prejudice by the district court, allowing the prisoner to bring his claim once released and, presumably, once the litigation cost-benefit balance is restored to normal. Id. at 980.
>
> Tracking the language of the statute, § 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody.

Napier v. Preslicka, 314 F.3d 528, 531-32 (11th Cir. 2002), cert. denied, 540 U.S. 1112 (2004). Here, Plaintiff is bringing a federal civil action, he is a prisoner, and his alleged injuries occurred while he was in custody. Therefore, Plaintiff's claim for monetary damages for mental anguish, as set forth in his Complaint, is barred by § 1997e(e) as long as he remains incarcerated.

This Court takes judicial notice of the Federal Bureau of Prisons' website, which reflects that Plaintiff Brink is a federal inmate who was temporarily housed at the Bradford County Jail. See http://www.bop.gov. As of the date of this Order, Plaintiff is no longer housed at the Bradford County Jail, but has been transferred

back into the federal system and is now "in transit" awaiting his new location. Id. Therefore, any request for injunctive relief, in the nature as set forth above, is moot.

In sum, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Bilal v. Driver, 251 F.3d at 1349. For this reason, this case will be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** this 1st day of February, 2007.

_____
HOWELL W. MELTON
United States District Judge

sc 1/31
c:
Richard Alan Brink